UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAMILI MILLIGAN,

    Plaintiff,

v.                                              CASE NO: 8:06-cv-54-T-26EAJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 (Dkts. 1 & 2),[1] and the Government's Response in Opposition. (Dkt. 8). Plaintiff pleaded guilty to all four counts of the indictment,[2] pursuant to a written plea agreement. The Court sentenced Plaintiff to 120 months in prison to be followed by 36 months' supervised release. After careful consideration of all three grounds raised in Plaintiff's's Motion, a review of the record, and the applicable law, the Court concludes that the Motion must be denied without hearing. Consequently, the Court, in the exercise of its discretion, needs no Reply from Plaintiff.

---

[1] See also dockets 56 and 57 in Case No. 8:03-cr-293-T-26EAJ, Plaintiff's criminal case.

[2] The indictment charged Plaintiff with one count of possessing fifty grams or more of a cocaine base mixture with intent to distribute, one count of possessing cocaine with the intent to distribute, one count of possession of firearms by a felon, and one count of possessing firearms while in the furtherance of a drug trafficking crime.

**Ineffective Assistance: Failure to Seek Dismissal of Indictment**

To show ineffective assistance of counsel, Plaintiff must demonstrate that counsel performed inadequately under the objective standard of reasonableness and that such deficient performance prejudiced Plaintiff. Plaintiff must show there is a reasonable probability that the outcome of the proceeding would have been different had counsel taken other actions. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984). If either prong is not met, the petitioner fails to show he was denied the right to effective counsel. See Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). In this first claim, the Court finds the prejudice prong cannot be met.

Plaintiff claims that his trial counsel was ineffective for failing to move to dismiss the indictment, which was filed beyond thirty days of his arrest, thereby violating 18 U.S.C. § 3161(b), the "Speedy Trial Act." Plaintiff is correct that he was not timely indicted. He was arrested on Sunday, June 13, 2003, and the indictment was not filed until Wednesday, July 16, 2003, because the grand jury scheduled for the thirtieth day was cancelled. (Dkt. 8, Affidavit of Belinda Brown of the U.S. Attorney's Office in Tampa). The consequence of failing to timely file the indictment is dismissal of the offenses, with or without prejudice. See 18 U.S.C. § 3162(a)(1).

Section 3162(a)(1) bestows discretion on the district judge to grant the dismissal with or without prejudice. See United States v. Brown, 183 F.3d 1306, 1309-10 (11th Cir. 1999). Section 3162(a)(1) sets forth the following factors, which are not exhaustive, to be

considered in determining whether to grant dismissal with or without prejudice: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." Id.; see also United States v. Williams, 314 F.3d 552, 556-57 (11th Cir. 2002) (noting that where crime is serious, dismissal should be with prejudice "only for a correspondingly severe delay," quoting United States v. Russo, 741 F.2d 1264, 1267 (11th Cir. 1984)).  As Plaintiff concedes, the offenses charged constitute "serious crimes." (Dkt. 2 at 8). He asserts, however, that the delay in filing the indictment was intentional and that reprosecution of his case undermines the ability of the Speedy Trial Act to deter future criminals.

The record is devoid of any evidence of an intentional delay in the filing of the indictment. The grand jury session for the thirtieth day was cancelled, and there is no indication that the cancellation was given for the purpose of furthering governmental motives or agendas. Indeed, the very next day, the grand jury indicted Plaintiff. Undoubtedly, based on the material before the Court then and now, the dismissal would have been without prejudice. Not only has Plaintiff failed to show that the dismissal would or should have been with prejudice, Plaintiff has failed to establish the prejudice prong of the Strickland test. He cannot show a reasonable probability that the outcome of the proceedings would have been different had his counsel moved to dismiss the indictment.

**Ineffective Assistance: Failure to Investigate**

Plaintiff claims that his trial counsel was ineffective for failing to investigate the circumstances surrounding his arrest and for failing to properly advise him regarding the law on possession of firearms. He claims that the two guns found in the residence where he was arrested were not in his actual or construction possession, and had his counsel instructed him on the law of constructive possession, a defense would have been available. Plaintiff claims that his attorney told him that he could have been found guilty based on his presence, without more, in the residence.

The written plea agreement and the plea colloquy belie any assertion that he had only constructive possession of the firearms found in the residence. (See case number 8:03-cr-293-T-26EAJ, Dkts. 16 & 39). In the written plea agreement, he admitted the following facts:

> A search was conducted and [Plaintiff], a convicted felon who had not had his rights restored, was in possession of 2 firearms, in furtherance of a drug trafficking crime; to wit: a Smith and Wesson .38 caliber pistol and a CZ model 85B .9mm semi-automatic pistol.

(See id., Dkt. 16 at 17). At the plea hearing, which was conducted in a careful, meticulous, and detailed manner, Plaintiff admitted that he, as a convicted felon, "was in possession of two firearms in furtherance of a drug trafficking crime, to-wit: a Smith & Wesson .38 caliber pistol, and a CZ Model 85B nine millimeter semiautomatic pistol. Both firearms were manufactured outside the State of Florida." (See id., Dkt. 39 at 25).

Plaintiff responded that he understood the charges and the facts supporting the offenses.[3] Even assuming he once could have raised constructive possession as a defense, he has not set forth facts contrary to the ones he admitted which would exonerate him, and he has failed to show that had his counsel advised him differently, he would not have pleaded guilty.  See United States v. Barrett, 514 F. 2d 1241, 1243 (5th Cir. 1975) (observing that "[a]fter a careful, detailed plea-taking proceeding such as appears in the record, a defendant will not be later heard to contend that he swore falsely.").

### Ineffective Assistance of Appellate Counsel

Plaintiff asserts that his appellate counsel was ineffective for failing to raise on direct appeal the ineffectiveness of his trial counsel.  In accordance with the cases cited in the Government's Response,[4] and in view of the fact that no exception in this case warrants raising ineffectiveness on direct appeal, appellate counsel acted properly in not raising ineffective assistance of trial counsel on direct appeal.  It is therefore **ORDERED AND ADJUDGED** as follows:

---

[3] The PSR, which Plaintiff did not refute at sentencing, reveals that his girlfriend told detectives that Plaintiff had held a silver handgun to her head and she had later seen him place the handgun in a stereo speaker box, the location where the detectives found one of the guns the day of his arrest.  (PSR at para. 16).

[4] See also United States v. Veltrop, 2006 WL 93234 (11th Cir. Jan. 13, 2006) (restating law of Eleventh Circuit that "claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations.") (quoting United States v. Griffin, 699 F. 2d 1102, 1107 (11th Cir. 1983)).

(1) Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **DENIED**.

(2) The Clerk is directed to enter judgment for Defendant and to close this case.

**DONE AND ORDERED** at Tampa, Florida, on February 16, 2006.

s/
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Petitioner, pro se
Counsel of Record